### 3226. SMITH *v.* THE STATE.

The evidence authorized the conviction.

DECIDED APRIL 11, 1911.

Accusation of selling liquor; from city court of Newnan—Judge Post. January 25, 1911.

*W. G. Post,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

POWELL, J. Smith was convicted of selling liquor. The evidence is brief. Frank Jones gave Jim Wilkes $1.25 and told him to go to Smith and get some whisky. Wilkes went to Smith's house, was gone some 30 minutes, and returned with a half pint of whisky and 95 cents in change. Smith came back with Wilkes, or rather followed shortly after him, and Jones asked him why he did not let him have a quart, and he said that a half pint was all he had. It seems from Wilkes's testimony that when he went to Smith's house and told him that he wanted some whisky, Smith said that he had

some, but would not sell it. Wilkes insisted. He saw a half pint on the dresser. He threw down 30 cents and took the half pint. Smith insisted that he was not going to sell the whisky, and there was no agreement as to the price that was to be paid for it. Wilkes, however, clearly testifies that the whisky was taken and the money placed on the table, all in the presence of the accused, but that the accused protested so long as Wilkes was in the house that he was not going to sell the whisky. The defendant in his statement to the jury said that it was true that Wilkes came to his house, asked for the whisky, and got it, but that Wilkes took it without his consent, that he did not know until some time later that Wilkes had left any money there, and that he had never removed it from the table where it had been placed. No complaint is made as to the charge of the court. The insistence of the plaintiff in error is that the evidence was not sufficient to show a sale.

As to the particular point that a sale is incomplete when no price is agreed on, it is sufficient to say that, while consideration is an essential, still the price may be fixed tacitly as well as expressly, and if delivery of the article is shown, the law will fix a price where the parties have not agreed on it; it being assumed that the usual or market price was intended. The whole case, of course, turns upon whether the protestations of the accused, that he never consented to the taking of the liquor in return for the 30 cents, were made in good faith, or whether what he said and did was merely a part of the ruse he had adopted in an attempt to evade the law. The jury evidently thought it was a ruse, doubtless giving weight to what took place between the accused and Jones a few moments subsequently to the transaction between him and Wilkes. State's counsel has aptly remarked that "his conduct on this occasion brings to mind the lines of Byron, quoted in the case of *Jones* v. *State*, 90 *Ga.* 627 (16 S. E. 380), by Mr. Justice Lumpkin, to wit:

"'A little still she strove, and much repented,
    And whispering, "I will ne'er consent," consented.'"

Perhaps the mind of the jury was influenced toward this view of the case by reason of the fact that, shortly after this alleged transaction, the police found a number of empty jugs and bottles and a funnel about the defendant's premises, all bearing the odor of whisky. It is very likely that the jury made no mistake. At any rate, we do not feel authorized to reverse the judgment.

*Judgment affirmed.*